UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GLENN JOHN SCHAEFFER,

    Plaintiff,

v.                                                  Case No. 8:21-cv-2636-KKM-TGW

SEAN BEVIL; PAIGE TUCKER;
JUDGE MICHAEL WILLIAMS;
RICARDO ALVES,

    Defendants.
_____

## ORDER

On October 5, 2021, Plaintiff Glenn John Schaeffer, proceeding pro se, initiated this action by filing a Complaint in the Thirteenth Judicial Circuit for Hillsborough County. (Doc. 1-1 at 5.) Defendant Judge Michael Williams removed this action to federal court on November 9, 2021, because the Complaint asserted, among other things, a cause of action under 42 U.S.C. § 1983 for violations of Schaeffer's civil rights. (Doc. 1.) Defendant Deputy Ricardo Alves moves to dismiss the Complaint on the ground that the complaint is a shotgun pleading. (Doc. 7.) Defendant Judge Williams also moves to dismiss on the ground that the Complaint is a shotgun pleading and argues that granting Schaeffer leave to amend would be futile because his claims fail as a matter of law and, as to the claims against Judge Williams, are barred by judicial immunity. (Doc. 13.) The Court

agrees that Schaeffer's complaint is a shotgun pleading and grants the Defendants' motions to dismiss without prejudice.

## I. BACKGROUND

According to the allegations in Schaeffer's Complaint, on January 4, 2021, Schaeffer became involved in a physical altercation with the staff at St. Joseph's South Hospital in Riverview, Florida. (Doc. 1-1 at 8–9.) Deputy Alves responded to the hospital and investigated the altercation. On January 30, Schaeffer was arrested for his role in the altercation. (*Id.* at 9) He posted bail and was released later the same day. Before his arraignment, Schaeffer filed a "Self Representative document," asserting his right and intent to represent himself in his criminal case. (*Id.*)

On February 23, 2021, Schaeffer attended his remote arraignment hearing before Judge Williams. Judge Williams appointed the Public Defender to represent Schaeffer, and Defendant Paige Tucker was the Assistant Public Defender assigned to the case. (*Id.* at 9–10.) Schaeffer accuses Judge Williams of criminal conspiracy, official misconduct, committing a felony involving breach of the public trust. He based these claims on allegations that "Judge Williams, Mr. Bevil, and Ms. Paige Tucker already discussed the case prior to Mr. Schaeffer's arraignment." (*Id.* at 10.)

On March 22, 2021, during a "Motion Hearing," Judge Williams ordered that Schaeffer receive a mental health evaluation. (*Id.* at 10–11.) Schaeffer claims there was no

2

evidence to suggest he suffered from mental illness and that Judge Williams had predetermined to "railroad" him rather than give him a fair trial. (*Id.* at 11.)

Schaeffer sued Judge Williams, Deputy Alves, assistant Public Defender Tucker, and Sean Bevil of the district attorney's office, in state court on October 5, 2021. (Doc 1-1 at 5.) Judge Williams subsequently removed the case to federal court. (Doc. 1.) Both Deputy Alves and Judge Williams now move to dismiss the Complaint as a shotgun pleading. (Docs. 7, 13.)

**II. ANALYSIS**

The Court will first explain why Schaeffer's Complaint is an impermissible shotgun pleading. It will then explain why here, although unlikely to succeed in repleading, it is not futile and thus the Court will permit Schaeffer leave to file an amended complaint.

**A. Shotgun Pleading**

Complaints that violate Federal Rule of Civil Procedure 8(a)(2) or 10(b) "are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has recognized four basic types of shotgun pleadings: (1) a complaint that contains multiple counts where each count adopts the allegations of all preceding counts; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that fails to separate into different counts each cause of action or

3

claim for relief; and (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against. *Id.* at 1321–23. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Here, Schaeffer's Complaint mentions several claims for relief, including claims under 42 U.S.C. § 1983, although Schaeffer fails to identify any specific underlying constitutional violations to support his § 1983 claim. (Doc. 1-1 at 7–12.) But it does not break the claims out into separate claims for relief, nor does Schaeffer identify which claims he is bringing against which of the multiple defendants. His Complaint includes a section entitled "Cause of Action," which consists of a narrative covering multiple claims against multiple defendants scattered throughout. (*Id.*) Further, the Complaint is a recitation of many vague and unconnected facts without clarity as to how they connect to the claims Schaeffer attempts to allege. At bottom, this complaint does not give notice of the claims against the defendants and the grounds upon which each claim rests.

The Eleventh Circuit has explained that shotgun complaints are "altogether unacceptable," as they "exact an intolerable toll on the trial court's docket." *Cramer v. State of Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997). Although pro se pleadings are to be

4

construed liberally and held to a less stringent standard than those drafted by attorneys, the Court has "little tolerance for shotgun pleadings." *Arrington v. Green*, 757 Fed. App'x 796, 797 (11th Cir. 2018); *see Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (explaining that a district court has the inherent authority to dismiss a complaint as a shotgun pleading but that a district court must "sua sponte allow a litigant one chance to remedy such deficiencies" in the circumstance of a non-merits dismissal on shotgun pleadings grounds). Even construed as liberally as possible in Schaeffer's favor, the Complaint remains intolerably confusing, failing to provide notice of which claims Schaeffer brings against which defendants and which factual allegations support those claims.

### B. Futility

Judge Williams also argues that granting Schaeffer leave to amend would be futile because Schaeffer's claims fail as a matter of law and, as to the claims against Judge Williams, are barred by judicial immunity. (Doc. 13 at 11.) The Court disagrees.

"Although a district court 'should freely give leave [to amend] when justice so requires,' Fed. R. Civ. P. 15(a)(2), it may deny leave, *sua sponte* or on motion, if amendment would be futile." *L.S. ex rel Hernandez v. Peterson*, 982 F.3d 1323, 1332 (11th Cir. 2020). Leave to amend is "futile" if an amended complaint would still fail at the motion-to dismiss or summary-judgment stage. *Id.* (quoting *Cockrell v. Sparks*, 510 F.3d

5

1307, 1310 (11th Cir. 2007)). While the Supreme Court has said that "futility of amendment" may serve as an exception to the rule that leave to amend should be "freely given," *Forman v. Davis*, 371 U.S. 178, 182 (1962), the Eleventh Circuit has repeatedly adopted the principle that "a pro se litigant generally must be given at least one opportunity to amend his complaint." *Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th Cir. 2014). Here, the Court allows Schaeffer to amend given (1) that he has another day remaining to amend "as a matter of course" under Rule 15(a) as the 21-day period has not quite yet expired since the first motion to dismiss was filed, *see Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1292 n.6 (11th Cir. 2007); *see Toenniges v. Ga. Dep't of Corr.*, 502 F. App'x 888, 890 (11th Cir. 2012) (concluding the district court abused its discretion when it denied the plaintiff leave to amend his complaint when he was entitled to do so as a matter of course under Rule 15(a)); and (2) his status as a pro se litigant.

With that said, the Court cautions Schaeffer that any future claims against Judge Williams will be barred by absolute judicial immunity if those claims are based on acts Judge Williams performed in his judicial capacity unless there was "a clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (quotation omitted) ("[Judicial immunity] applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction."); *Williams v. Alabama*, 425 F. App'x 824, 825 (11th Cir. 2011) ("[A] district court may dismiss a claim based on absolute judicial immunity if it

6

represents an 'obvious bar' based on the allegations in the complaint." (quoting *Sibley v. Lando*, 437 F.3d 1067, 1070 n.2 (11th Cir. 2005))).

The Court also notes that listing criminal penal statutes in a civil complaint, as Schaeffer did here, is not sufficient to state a cause of action. (Doc. 1-1 at 10 (alleging Judge Williams violated three Florida criminal statutes: (1) § 777.04(3), Fla. Stat.; (2) § 838.022, Fla. Stat.; and (3) § 112.3173, Fla. Stat.).) None of the penal statutes Schaeffer identifies create an implied cause of action. *See Ragan v. Merch. Transfer & Warehouse Co.*, 337 U.S. 530, 533 (1949). And Florida courts will find an implied private cause of action only where there is clear legislative intent based on the statute's text. *See Aramark Unif. & Career Apparel, Inc. v. Easton*, 894 So. 2d 20, 23 (Fla. 2005); *see also Wilson v. Harrell*, 521 F. Supp. 3d 1165, 1172 (N.D. Fla. 2021) (holding that there "is simply no reason to believe that" Section 838.022, Florida Statutes, "created a private cause of action"). The Court doubts that any of the criminal statutes listed in the Complaint create an implied private cause of action, and Schaeffer should be mindful of pleading a cognizable claim if he elects to proceed.

### III. CONCLUSION

Accordingly, it is **ORDERED**:

(1) Defendants' Motions to Dismiss (Docs. 7, 13) are granted and Plaintiff's Complaint (Doc. 1-1) is **STRICKEN**. The dismissal is **WITHOUT**

PREJUDICE.

(2) No later than **December 22, 2021**, Plaintiff may file an amended complaint consistent with the directives of this Order and in compliance with Federal Rules of Civil Procedure 8(a)(2) and 10(b). Failure to file an amended complaint by this deadline will result in the dismissal of this action without further notice.

**ORDERED** in Tampa, Florida, on December 8, 2021.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge